# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

RODGER D. SMITH II
(302) 351-9205
(302) 498-6209 FAX
rsmith@mnat.com

July 2, 2013

The Honorable Richard G. Andrews **VIA E-FILING**
United States District Judge
J. Caleb Boggs Federal Building
844 N. King Street, Room 2325
Wilmington, DE 19801-3555

Re: *Pragmatus Telecom LLC v. Alcatel-Lucent USA Inc.*, C.A. No. 12-1534-RGA
*Pragmatus Telecom LLC v. Brother Int'l Corp.*, C.A. No. 12-1538-RGA
*Pragmatus Telecom LLC v. CDW, LLC*, C.A. No. 12-1539-RGA
*Pragmatus Telecom LLC v. Frontier Comms. Corp.*, C.A. No. 12-1544-RGA
*Pragmatus Telecom LLC v. HSN, Inc.*, C.A. No. 12-1546-RGA
*Pragmatus Telecom LLC v. Lands' End, Inc.*, C.A. No. 12-1547-RGA
*Pragmatus Telecom LLC v. Lenovo (United States) Inc.*, C.A. No. 12-1548-RGA
*Pragmatus Telecom LLC v. Oriental Trading Co., Inc.*, C.A. No. 12-1553-RGA
*Pragmatus Telecom LLC v. Rite Aid Corp.*, C.A. No. 12-1555-RGA
*Pragmatus Telecom LLC v. Thomson Reuters US, Inc.*, C.A. No. 12-1557-RGA
*Pragmatus Telecom LLC v. Bosch Security Systems, Inc.*, C.A. No. 12-1650-RGA
*Pragmatus Telecom LLC v. goEmerchant, LLC*, C.A. No. 12-1654-RGA
*Pragmatus Telecom LLC v. Staples, Inc.*, C.A. No. 12-1660-RGA
*Pragmatus Telecom LLC v. Starwood Hotels & Resort Worldwide, Inc.*, C.A. No. 12-1661-RGA
*Pragmatus Telecom LLC v. Saks Incorporated,* C.A. No. 12-1685-RGA
*Pragmatus Telecom LLC v. Seagate Technology (US) Holdings Inc.*, C.A. No. 12-1686-RGA

Dear Judge Andrews:

      We respectfully submit this letter on behalf of Bosch Security Systems, Inc. in response to the June 24, 2013, letter of Plaintiff Pragmatus Telecom LLC ("Pragmatus"). Additionally, we have consulted with the other Defendants in the above referenced cases, which join this response, including Alcatel-Lucent USA Inc., Brother Int'l Corp.; CDW, LLC; Frontier Commc'ns Corp.; HSN, Inc.; Lands' End, Inc.; Lenovo (United States) Inc.; Oriental Trading Company, Inc.; Rite Aid Corp.; Thomson Reuters US, Inc.; goEmerchant, LLC; Staples, Inc.; Starwood Hotels & Resort Worldwide, Inc.; Saks, Inc.; and Seagate Technology (US) Holdings, Inc. (the "Defendants").

The Honorable Richard G. Andrews
July 2, 2013
Page 2

Defendants oppose Pragmatus's request to lift the various stays pending reexamination and to deny pending motions to stay as premature. Despite the fact that the U.S. Patent and Trademark Office ("PTO") recently issued an Office Action in the *inter partes* reexamination of U.S. Patent No. 6,668,286 ("the '286 Patent"), noticing an intent to issue a reexamination certificate, the *inter partes* reexamination proceedings are not yet final, and Pragmatus's request is premature. As Pragmatus recognized in its briefs opposing the original motions to stay litigation pending reexamination, LivePerson may well appeal the PTO's ruling in the *inter partes* reexamination of the '286 Patent (C.A. No. 12-1650, D.I. 13 at 5-7; C.A. No. 12-1546, D.I. 13 at 5-6). Additionally, even if this Court finds that a stay pending reexamination is no longer warranted, the cases may further be stayed for other reasons as briefly outlined below.

As the Court will recall from the hearing on the motion to stay, Pragmatus asserts U.S. Patent Nos. 6,311,231, 6,668,286, and 7,159,043 (collectively, the "patents-in-suit") against two types of Defendants: first, Pragmatus asserts the patents-in-suit against certain manufacturers of click-to-chat software, and second, Pragmatus asserts the patents-in-suit against the customers of click-to-chat software. Currently, one of the "Manufacturer Defendants" is undergoing claim construction for the patents-in-suit; the Manufacturer Defendants include LivePerson and eGain. The remaining Defendants (the "Customer Defendants") are merely companies that use click-to-chat features provided by providers, such as, for example, LivePerson and eGain.[1] But, notably, these Customer Defendants do not develop the actual features that are accused of infringement.

The Customer Defendants are merely customers of the accused technology in these cases; they are not familiar with the technical workings of the accused click-to-chat services, nor do they have access to the technical documents, source code, or other information needed to defend against the patent infringement allegations. Rather, it is Manufacturing Defendants, such as LivePerson and eGain (both of whom are actively litigating in this Court), who design, develop, and provide the accused click-to-chat services, and who are in a position to defend their products. Also, the pending litigation between Pragmatus and LivePerson has already progressed through claim construction briefing and is ready to proceed. Therefore, continuing the current stays (and granting the pending motions for stay), or alternatively staying the cases pending the outcome of the LivePerson and eGain litigations, will permit this Court to focus on the merits of the disputes among the relevant parties, that is, Pragmatus and the Manufacturer Defendants. A continued stay of the cases involving the Customer Defendants will result in no prejudice, as Pragmatus only seeks money, not an injunction. On the other hand, lifting the stays (and denying pending motions for stay) or denying other grounds to stay these litigations would greatly prejudice these Defendants, forcing them to defend claims that they are not in a position to defend.

---

[1] Pragmatus did not originally file suit against LivePerson or eGain. Rather, LivePerson and eGain each filed suit in this court seeking declaratory judgment of non-infringement and invalidity. C.A. No. 12-0147, D.I. 1; C.A. No. 13-0897, D.I. 1. In its answer to both complaints, Pragmatus filed counter claims for infringement. (C.A. No. 12-0147, D.I. 11 at 8-10; C.A. No. 13-0897, D.I. 7 at 5-7).

The Honorable Richard G. Andrews
July 2, 2013
Page 3

As noted at the hearing on the motion to stay, Pragmatus has accused the Customer Defendants of infringement, although Pragmatus knows that these customers merely offer click-to-chat services on their websites.  Moreover, based on information from co-pending litigations in California, Pragmatus is acting as a non-practicing entity (NPE), including acts that Chief Judge Rader recently described in the *New York Times* as "patent troll behavior,"[2] by demanding up to $400,000 in settlement from Defendants that pay only a small nominal fee ($7,000) per year for the accused service.[3]

Given the inequity of requiring the Customer Defendants to defend the patent allegations when Manufacturer Defendants such as LivePerson and eGain are actively litigating against Pragmatus, the Customer Defendants oppose lifting the current stay even if this Court finds that the reexamination proceedings appear to be coming to an end.  Rather, with the Court's permission, Customer Defendants would respectfully seek to continue these stays pending the outcome of the LivePerson and eGain litigations.

Therefore, the Customer Defendants respectfully request a hearing to address the continuation of the current stay, the grant of the pending motions to stay, and/or staying the Customer Defendants' cases pending the outcomes of the LivePerson and eGain cases. Consistent with the suggestion made by Pragmatus for additional briefing, Defendants request leave to submit briefs of no more than 10 pages in advance of the hearing to set forth their positions in opposition to Pragmatus's request to lift the various stays and deny pending motions for stay as well as to brief additional grounds that justify a stay.  Pragmatus can then be permitted to submit a response brief of no more than 10 pages.

Respectfully,

*/s/ Rodger D. Smith II*

Rodger D. Smith II

---

[2] Randall R. Rader *et al.*, Op-Ed., *Make Patent Trolls Pay in Court*, N.Y. TIMES, June 5, 2013, at A25 ("[T]rolls (intellectual-property lawyers use less evocative terms like 'non-practicing entities' and 'patent-assertion entities') make money by threatening companies with expensive lawsuits and then using that cudgel, rather than the merits of a case....").

[3] *See Pragmatus Telecom, LLC v. NETGEAR, Inc.*, Case No. C 12-6198 SBA, D.I. 19 at 2 (N.D. Cal. May 17, 2013).